Luke W. Reese, OSB No. 076129
lreese@ghrlawyers.com
GARRETT HEMANN ROBERTSON P.C.
1011 Commercial Street N.E.
Salem, Oregon 97301-1049
Tel: (503) 581-1501
Fax: (503) 581-5891
      Of Attorneys for Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

DAVID LARSON,

                   Plaintiff,

    vs.

G4S SECURE SOLUTIONS (USA) INC.,
a Florida corporation; and THOMAS
BREITER, an individual,

                  Defendants.

No.

**NOTICE OF REMOVAL**

      Defendants G4S Secure Solutions (USA) Inc. and Thomas Breiter, ("G4S" or "Defendant"), by counsel and consistent with 28 U.S.C. §§ 1331, 1441 and 1446, notifies this Court that it is removing the above-captioned action, currently pending as Civil Action No. 19CV13867 in the Circuit Court of Oregon, Multnomah County, to the United States District Court of Oregon, Portland Division. As grounds for removal, G4S states as follows:

      1.      On or about March 26, 2019, Plaintiff David Larson ("Plaintiff") filed a lawsuit in Circuit Court of Multnomah County, Oregon, styled, *David Larson v. G4S Secure Solutions (USA) Inc., a Florida corporation; and Thomas Breiter, an individual,* ("State Court Action") arising out of Plaintiff's employment with G4S and his separation from employment. [*See* Exhibit A, State Court Documents, Plaintiff's Complaint No. 19CV13867.]

2.      This Notice of Removal is timely under 28 U.S.C. § 1446 in that it was filed within thirty days of April 4, 2019, which is the date of service on G4S.

3.      G4S filed this Notice of Removal on May 2, 2019.

4.      Consistent with 28 U.S.C. § 1446(a), true and correct copies of the summons, pleadings, and orders served upon G4S in the State Court Action are attached and incorporated as Exhibit A. No further proceedings have been had in the State Court Action in relation to Plaintiff's Complaint.

5.      The above described action is one which may be removed by G4S consistent with the provisions of 28 U.S.C. §§ 1331, 1367, 1441, on the basis of federal question jurisdiction and supplemental jurisdiction as indicated by the following circumstances:

### Federal Question and Supplemental Jurisdiction

6.      Plaintiff complaint arises out of his employment with G4S and generally alleges claims for: (1) discrimination and retaliation in violation of the Oregon Family Leave Act ORS 659A.150, *et seq.* ("OFLA"); (2) personal leave discrimination under ORS 653.641 ("OSTL"); (3) wrongful discharge in violation of the OFLA and OSTL; (4) disability association discrimination; and (5) aiding and abetting against individual Defendant, Breiter. Plaintiff seeks $2,250,000.00 in damages. [*See* Exhibit A].

7.      This Court has original subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because at least one of Plaintiff's claims – disability association discrimination – arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331; *Marquard v. New Penn Fin., LLC,* 2017 U.S. Dist. LEXIS 155209 *22 (D. Or. Sept. 22, 2017) (finding the Americans with Disabilities Act, as amended, 42 U.S.C. 12188(a)(1) recognizes discrimination against people based on their association with people with disabilities much more broadly than Oregon.)

/ / / /

8.      Specifically, Plaintiff filed an administrative charge with the Oregon Bureau of Labor and Industries ("BOLI") alleging: (1) discrimination and retaliation in violation of the OFLA; (2) personal leave discrimination under the OSTL; (3) wrongful discharge in violation of the OFLA and OSTL; (4) disability association discrimination; and (5) aiding and abetting against individual Defendant Breiter. Plaintiff was expressly placed on notice by BOLI this his disability association discrimination claim was a federal claim under the Americans with Disabilities Act, as amended, and thus his charge was dual-filed with the Equal Employment Opportunity Commission. [Exhibit B, Dual-Filed Charge.]

9.      This Court has supplemental jurisdiction, pursuant to 28 U.S.C. §§ 1367 and 1441(c) and general principles of supplemental jurisdiction, over Plaintiff's remaining state law claims, specifically discrimination and retaliation in violation of the OFLA, personal leave discrimination under the OSTL, wrongful discharge in violation of the OFLA and OSTL, and aiding and abetting, against individual Defendant Breiter.

10.     This Court previously found it was proper to exercise supplemental jurisdiction over an employee's claims of discrimination and retaliation under the OFLA and for wrongful discharge under Oregon state law when the plaintiff also alleged federal claims including a claim of disability discrimination under the Americans with Disabilities Act over which the Court had original jurisdiction. *Doby v. Sisters of St. Mary of Or. Ministries Corp.,* 2014 U.S. Dist. LEXIS 110972 *3 (D. Or. Aug. 11, 2014).

11.     Likewise, this Court exercised its supplemental jurisdiction over an employee's claim for aiding and abetting discrimination under Oregon state law since the plaintiff also asserted overtime claims arising under federal law. *Javansalehi v. BF & Assocs.,* 2011 U.S. Dist. LEXIS 126370 *3 (D. Or. Nov. 1, 2011).

/ / / /

/ / / /

12.     The United States District Court for the State of Oregon, Portland Division, is the proper judicial district for removal, because Multnomah County is where the State Court Action is currently pending.

13.     Venue is proper under 28 U.S.C. § 1441(a) and LR 3-2(b) because this Court is the United States District Court for the division corresponding to the place, Circuit Court of Multnomah County, where the action is pending.

14.     This action is not an action described in 28 U.S.C. § 1445.

15.     By virtue of this Notice of Removal, G4S does not waive its right to respond to the Complaint and/or assert any claims, defenses, or other motions.

16.     Consistent with 28 U.S.C. § 1446(a), a true and correct copy of all process, pleadings, and orders served upon Defendants in this action as of the date of filing of this Notice of Removal is attached and will be filed with the clerk of the Circuit Court of the State of Oregon for the County of Multnomah. [*See* Exhibit A].

WHEREFORE, this action is properly removed from the Circuit Court of Multnomah County, Oregon, to this Court for all further proceedings.

DATED this 3rd day of May 2019.

*s/ Luke W. Reese*

Luke W. Reese
OSB No. 076129
Phone: 503-581-1501
Fax: 503-581-5891
lreese@ghrlawyers.com
Of Attorneys for Defendants

Kelly Eisenlohr-Moul (Pro Hac Vice to be filed)
Dinsmore & Shohl LLP
Phone: 470-300-5337
Kelly.eisenlohr-moul@dinsmore.com
Of Attorneys for Defendants

# In the Circuit Court of the State of Oregon

For the County of ___Multnomah___

DAVID LARSON,

_____

_____, Plaintiff(s),

vs.

G4S SECURE SOLUTIONS (USA) INC.,
a Florida Corporation; and THOMAS
BREITER, an individual,

_____

_____, Defendant(s).

Case No. _____ 19CV13867 _____

SUMMONS

To _____ THE PRENTICE-HALL CORPORATION SYSTEM, INC. _____

_____ 1127 Broadway Street NE, Suite 310 _____

_____ Salem, Oregon 97301 _____

_____ Registered Agent for G4S Secure Solutions (USA) Inc. _____ Defendant _____

You are hereby required to appear and defend the complaint filed against you in the above entitled action within thirty (30) days from the date of service of this summons upon you, and in case of your failure to do so, for want thereof, plaintiff(s) will apply to the court for the relief demanded in the complaint.

**NOTICE TO THE DEFENDANT: READ THESE PAPERS CAREFULLY!**

You must "appear" in this case or the other side will win automatically. To "appear" you must file with the court a legal document called a "motion" or "answer." The "motion" or "answer" must be given to the court clerk or administrator within 30 days along with the required filing fee. It must be in proper form and have proof of service on the plaintiff's attorney or, if the plaintiff does not have an attorney, proof of service upon the plaintiff.

If you have any questions, you should see an attorney immediately. If you need help in finding an attorney, you may contact the Oregon State Bar's Lawyer Referral Service online at www.oregonstatebar.org or by calling (503) 684-3763 (in the Portland metropolitan area) or toll-free elsewhere in Oregon at (800) 452-7636.

SIGNATURE OF ATTORNEY O AUTHOR FOR PLAINTIFF

R. Kyle Busse, OSB #070994

ATTORNEY'S / AUTHOR'S NAME (TYPED OR PRINTED)        BAR NO. (IF ANY)

621 S.W. Morrison Street, Suite 521

ADDRESS

Portland, Oregon 97205 (503) 248-0504

CITY          STATE          ZIP          PHONE

(503)248-2131    kbusse@busseandhunt.com

FAX (IF ANY)        ATTORNEY'S E-MAIL ADDRESS (IF ANY)

TRIAL ATTORNEY IF OTHER THAN ABOVE (TYPED OR PRINTED)        BAR NO.

_____

TO THE OFFICER OR OTHER PERSON SERVING THIS SUMMONS: You are hereby directed to serve a true copy of this summons, together with a true copy of the complaint mentioned therein, upon the individual(s) or other legal entity(ies) to whom or which this summons is directed, and to make your proof of service on the reverse hereof or upon a separate similar document which you shall attach hereto.

ATTORNEY(S) FOR PLAINTIFF(S)

According to ORCP 7A, "a true copy of a summons and complaint" means an exact and complete copy of the original documents. No signed certification to that effect is necessary.

Page 1 – SUMMONS.

FORM No. P180 – SUMMONS
© 1985-2011 Stevens-Ness Law Publishing Co.
Portland, OR www.stevensness.com        BB

NO PART OF ANY STEVENS-NESS FORM MAY BE REPRODUCED IN ANY FORM OR BY ANY ELECTRONIC OR MECHANICAL MEANS.

Exhibit A, Page 1 of 18

## PROOF OF SERVICE

STATE OF _____, County of _____ ) ss.

I hereby certify that I made service of the foregoing summons upon the individuals and other legal entities to be served, named below, by delivering or leaving true copies of the summons and the complaint mentioned therein, certified to be such by the attorney for the plaintiff, as follows:

### Personal Service Upon Individual(s)

Upon _____, by delivering such true copies to _____, personally and in person, at _____ on _____, at _____ o'clock ____.M.

Upon _____, by delivering such true copies to _____, personally and in person, at _____ on _____, at _____ o'clock ____.M.

### Substituted Service Upon Individual(s)*

Upon _____, by delivering such true copies at his/her dwelling house or usual place of abode, to-wit: _____, to _____, who is a person 14 years of age or older and a member of the household of the person served on _____ at _____ o'clock ____.M.

Upon _____, by delivering such true copies at his/her dwelling house or usual place of abode, to-wit: _____, to _____, who is a person 14 years of age or older and a member of the household of the person served on _____ at _____ o'clock ____.M.

### Office Service Upon Individual(s)*

Upon _____, at the office which he/she maintains for the conduct of business at _____ by leaving such true copies with _____, the person who is apparently in charge, on _____, during normal working hours, at _____ o'clock ____.M.

### Mail Service Upon Individual(s)**

Upon _____, by mailing such true copies to him/her by first class mail and ALSO by (check one): ☐ certified or registered mail with return receipt requested ☐ express mail.

### Service Upon Tenant(s) of a Mail Agent***

Upon _____, by delivering such true copies to _____, a person apparently in charge of _____, which is the place where the mail agent receives mail for the tenant(s), its address being _____ on _____, at _____ o'clock ____.M. Prior to effecting such service, I made diligent inquiry but could not find the tenant(s) so served.

### Service on Corporations, Limited Liability Companies, Limited Partnerships, General and Limited Liability Partnerships or Unincorporated Associations

Upon _____ by _____ (NAME OF CORPORATION, LIMITED LIABILITY COMPANY, ETC.)

(a) delivering such true copies, personally and in person, to _____ who is a/the _____ (Specify registered agent, officer (by title), managing member, general partner, etc.) thereof; OR

(b) leaving such true copies with _____, the person who is apparently in charge of the office of _____, who is a/the _____ (Specify registered agent, officer (by title) director, general partner, managing agent, etc.) thereof;

at _____, on _____, at _____ o'clock ____.M.

Dated _____

_____
Sheriff

By _____
Deputy

I further certify that I am a competent person 18 years of age or older and a resident of the state of service or the State of Oregon, and that I am not a party to nor an officer, director or employee of, nor attorney for any party, corporate or otherwise; that the person, firm or corporation served by me is the identical person, firm or corporation named in the action.

Dated _____

_____
SIGNATURE

_____
TYPE OR PRINT NAME

_____
ADDRESS

_____
CITY          STATE          ZIP          PHONE

The signature lines on the left should be used only by an Oregon county sheriff or deputy. All other servers should complete the certification on the right. The Proof of Service above contains most, but not all, of the permissible methods of service. For example, this form does not include proof of service upon a minor or incompetent person. See ORCP 7 D for permissible service methods with respect to respective parties.

*Where substituted or office service is used, the plaintiff, as soon as reasonably possible, shall cause to be mailed, by first class mail, true copies of the summons and the complaint to the defendant at defendant's dwelling house or usual place of abode, together with a statement of the date, time and place at which such service was made. Use S-N Form No. 1149, Notice of Substituted or Office Service, or the equivalent.

**Service by mail may be made when required or allowed by ORCP 7 or by statute, except as otherwise permitted. If the summons and complaint are mailed, this certification may be made either by the person completing the mailing or by the attorney for any party, stating the circumstances of mailing and including the return receipt as an attachment. An attorney completing the mailing should delete ", nor attorney for" from the last paragraph of this document. Failure to serve a summons in accordance with ORCP 7 and other applicable rules and statutes may affect or nullify the validity of such service.

***Where service upon a tenant of a mail agent is used, the plaintiff, as soon as reasonably possible, shall cause to be mailed, by first class mail, true copies of the summons and the complaint to the defendant(s) at the address at which the mail agent receives mail for the defendant(s) and to any other mailing address of the defendant(s) then known to the plaintiff, together with a statement of the date, time, and place at which delivery was made.

Page 2 – SUMMONS.

3/26/2019 3:29 PM
19CV13867

1

2

3

4

5                          IN THE CIRCUIT COURT OF THE STATE OF OREGON

6                                FOR THE COUNTY OF MULTNOMAH

7      DAVID LARSON,                              Case No.

8              Plaintiff,                         COMPLAINT
9                                                 (OFLA Discrimination; Oregon Sick
                                                  Time Law; Disability Association
10             v.                                 Discrimination; Wrongful Discharge;
                                                  Aiding and Abetting Discrimination)
11     G4S SECURE SOLUTIONS (USA)
       INC., a Florida Corporation; and          CLAIMS NOT SUBJECT TO
12     THOMAS BREITER, an individual,            MANDATORY ARBITRATION
13             Defendants.                        Prayer Amount: $2,250,000
14                                                Filing Fee Statute: ORS § 21.160(d)
15

16          Plaintiff alleges:

17                               **FIRST CLAIM FOR RELIEF**

18                        (OFLA Discrimination - ORS 659A.150, *et seq.*)

19                                             1.

20
            Plaintiff is a resident and citizen of the State of Oregon.
21

22                                             2.

23          Defendant G4S Secure Solutions (USA) Inc. ("G4S") is a Florida corporation doing

24     business in Oregon. At all material times Defendant G4S acted through agents and

25     employees who at all material times acted within the course and scope of their agency and

26

Page    1 - COMPLAINT

BUSSE & HUNT
*Attorneys at Law*
521 AMERICAN BANK BUILDING
621 S.W. MORRISON STREET
PORTLAND, OREGON 97205
TELEPHONE: (503) 248-0504

1    employment. Defendant G4S maintains a business office at 5100 SW Macadam Avenue,

2    Suite 550, Portland, Oregon 97239. Defendant G4S has approximately 800 employees

3    working in Multnomah County and it does regular and sustained business in Multnomah

4    County.

5

6                                    3.

7         Defendant Thomas Breiter ("Breiter") is a resident and citizen of the State of Oregon.

8    At all material times, Defendant Breiter was an Operations Manager at Defendant G4S.

9                                    4.

10

11        Defendant G4S employed Plaintiff as a Shift Supervisor from on or about January 18,

12   2017 until it terminated his employment on or about July 7, 2017. Prior to becoming

13   employed by Defendant G4S, Plaintiff worked for Defendant G4S' predecessor at the

14   Facebook data center in Prineville, Oregon.

15                                   5.

16

17        At all material times, Defendant G4S was a "covered employer" under the Oregon

18   Family Leave Act ("OFLA").

19                                   6.

20

21        At all material times, Plaintiff was an "eligible employee" under OFLA.

22                                   7.

23        Prior to Plaintiff's termination from employment, Plaintiff's wife was diagnosed with

24   terminal brain cancer. In approximately March 2017, Plaintiff requested and received

25   alternate duty so that he could care for his wife. In approximately May 2017, Plaintiff

26

Page    2 - COMPLAINT

BUSSE & HUNT
*Attorneys at Law*
521 AMERICAN BANK BUILDING
621 S.W.MORRISON STREET
PORTLAND, OREGON 97205
TELEPHONE: (503) 248-0504

Exhibit A, Page 4 of 18

1    notified Defendant G4S that he was ready to return to his former position, but Defendant G4S

2    refused to return Plaintiff to his former position.

3                                                    8.

4

5           Plaintiff's wife passed away on or about May 22, 2017.

6                                                    9.

7           Plaintiff requested and took OFLA protected bereavement leave from approximately

8    June 21, 2017 through June 28, 2017 in order to attend his wife's memorial services and

9    funeral, some of which occurred out of state.

10

11                                                  10.

12          Immediately after he returned from protected bereavement leave, on or about June 29,

13   2017, Defendant G4S placed Plaintiff on involuntary administrative leave, which continued

14   until Plaintiff's termination from employment on or about July 7, 2017.

15                                                  11.

16

17          Defendant G4S subjected Plaintiff to unlawful discrimination and/or retaliation in one

18   or more of the following particulars:

19          a.      Defendant G4S refused to return Plaintiff to his original position after being

20                  assigned alternate duty;

21          b.      Defendant G4S denied Plaintiff leave to which he was entitled, and for which

22                  he had received permission to take, by informing him, while he was in the

23                  process of attending memorial services and traveling to his wife's burial out of

24                  state, that he was required to report to work or he would be subject to

25

26

Page    3 - COMPLAINT

BUSSE & HUNT
Attorneys at Law
521 AMERICAN BANK BUILDING
621 S.W. MORRISON STREET
PORTLAND, OREGON 97205
TELEPHONE: (503) 248-0504

1  discipline for absenteeism;

2  c.  Defendant G4S failed to restore Plaintiff to his position after he returned from

3  authorized bereavement leave;

4

5  d.  Defendant G4S subjected Plaintiff to one or more adverse employment

6  actions, in substantial part, for requesting and/or taking family medical leave,

7  including but not limited to suspending his employment and/or placing him on

8  involuntary administrative leave; and/or

9  e.  Defendant G4S terminated Plaintiff's employment, in substantial part, for

10  requesting and/or taking family medical leave.

11

12  12.

13  As a result of said acts, Plaintiff has suffered and will suffer from, *inter alia*, anger,

14  frustration, depression, humiliation, anxiety, emotional pain, mental anguish, and loss of

15  enjoyment of life, all to his non-economic damage in an amount to be proven at trial, which

16  amount is alleged to be no less than $2,000,000.

17

18  13.

19  As a further result of said acts, Plaintiff has suffered and will suffer economic damage

20  in an amount to be proven at trial, including but not limited to damages for loss of

21  employment, lost wages, loss of increased pay, loss of future income, loss of paid time off,

22  loss of or reduction in retirement benefits and/or loss of fringe benefits, which amount is

23  alleged to be no less than $250,000.

24

25  ////

26

Page    4 - COMPLAINT

BUSSE & HUNT
*Attorneys at Law*
521 AMERICAN BANK BUILDING
621 S.W. MORRISON STREET
PORTLAND, OREGON 97205
TELEPHONE: (503) 248-0504

14.

Defendants' acts were malicious and/or reckless and Plaintiff reserves the right to allege punitive damages.

15.

Pursuant to ORS 20.107 and ORS 659A.885, Plaintiff is also entitled to an award of reasonable attorneys' fees, expert witness fees, costs and disbursements.

16.

Plaintiff reserves the right to amend this complaint at the time of trial to more completely allege his economic losses and/or to conform to proof offered at trial.

**SECOND CLAIM FOR RELIEF**

(Personal Leave Discrimination - ORS 653.641)

17.

Plaintiff realleges paragraphs 1 through 16.

18.

Prior to Plaintiff's termination from employment, he requested and took leave that was protected under the Oregon Sick Time Law ("OSTL").

19.

Defendant G4S subjected Plaintiff to unlawful discrimination, in substantial part, because he engaged in the protected activities alleged in paragraph 18 herein, including but not limited to:

a.    suspending his employment and/or placing him on involuntary administrative

Page    5 - COMPLAINT

BUSSE & HUNT
*Attorneys at Law*
521 AMERICAN BANK BUILDING
621 S.W. MORRISON STREET
PORTLAND, OREGON 97205
TELEPHONE: (503) 248-0504

1            leave; and/or

2          b.     terminating his employment.

3

### THIRD CLAIM FOR RELIEF

4

5                (Wrongful Discharge)

6                     20.

7         Plaintiff realleges paragraphs 1 through 14, 16, 18 and 19.

8                     21.

9

10        Prior to Plaintiff's termination from employment, he exercised his important,

11  employment-related rights in one or more of the following particulars:

12         a.     by requesting and/or taking OFLA leave; and/or

13         b.     by requesting and/or taking leave protected by the OSTL.

14                     22.

15

16        A substantial factor in Defendant G4S' decision to terminate Plaintiff's employment

17  was that he engaged one of more protected activities alleged in paragraphs 7, 9, 18 and 21

18  herein.

19

### FOURTH CLAIM FOR RELIEF

20            (Disability Association Discrimination)

21

22                     23.

23         Plaintiff realleges paragraphs 1 through 19.

24                     24.

25         Prior to Plaintiff's termination from employment, Plaintiff gave notice to Defendants

26

Page   6 - COMPLAINT

BUSSE & HUNT
*Attorneys at Law*
521 AMERICAN BANK BUILDING
621 S.W. MORRISON STREET
PORTLAND, OREGON 97205
TELEPHONE: (503) 248-0504

1    of his wife's brain cancer and the need for accommodations to care for her on account of her

2    disability.

3                                            25.

4

5        Defendant G4S subjected Plaintiff to unlawful discrimination in one or more of the

6    following particulars:

7        a.    by treating him less favorably than similarly situated individuals who were not

8              associated with a disabled person, in substantial part, because of his

9              association with his terminally ill wife;

10

11       b.    by denying him equal treatment with respect to job assignments and benefits,

12             in substantial part, because of his association with his terminally ill wife;

13       c.    by suspending him and/or placing him on involuntary administrative leave, in

14             substantial part, because of his association with his terminally ill wife; and/or

15

16       d.    by terminating his employment, in substantial part, because of his association

17             with his terminally ill wife.

18                              **FIFTH CLAIM FOR RELIEF**

19                        (Aiding and Abetting - Against Defendant Breiter)

20                                           26.

21       Plaintiff realleges paragraphs 1 through 19, 24 and 25.

22                                           27.

23

24       Defendant Breiter engaged in unlawful employment practices by aiding, abetting,

25    inciting, compelling and/or coercing Defendant G4S in the discrimination and/or retaliation

26

Page    7 - COMPLAINT

BUSSE & HUNT
*Attorneys at Law*
521 AMERICAN BANK BUILDING
621 S.W.MORRISON STREET
PORTLAND, OREGON 97205
TELEPHONE (503) 248-0504

1    alleged in paragraphs 7, 10, 11, 19 and 25 herein.

2         WHEREFORE, Plaintiff prays for judgment as alleged in the claims stated above,

3    together with any pre-judgment and post-judgment interest accumulated on such sum.

4

5         DATED this 26th day of March, 2019.

6                                        BUSSE & HUNT

7

8                                        R. KYLE BUSSE, OSB #070994

9                                        Telephone: (503) 248-0504
                                         kbusse@busseandhunt.com
10                                       Of Attorneys for Plaintiff David Larson

11                                       TRIAL ATTORNEY:
                                         R. KYLE BUSSE, OSB #070994
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Page   8 - COMPLAINT

BUSSE & HUNT
Attorneys at Law
521 AMERICAN BANK BUILDING
621 S.W. MORRISON STREET
PORTLAND, OREGON 97205
TELEPHONE (503) 248-0504

1
2
3
4
5         IN THE CIRCUIT COURT OF THE STATE OF OREGON
6            FOR THE COUNTY OF MULTNOMAH

7   DAVID LARSON,             Case No. 19CV13867
8
         Plaintiff,           PLAINTIFF'S FIRST REQUEST FOR
9                       PRODUCTION OF DOCUMENTS
10      v.
11   G4S SECURE SOLUTIONS (USA)
    INC., a Florida Corporation; and
12   THOMAS BREITER, an individual,
13         Defendants.
14
15   **To:   Defendants and Their Attorneys:**

16         Pursuant to ORCP 36B and ORCP 43, Plaintiff requests that Defendants produce the

17 documents and tangible things described below for inspection and copying:

18                   INSTRUCTIONS AND DEFINITIONS

19         A.     These requests do not require the production of any documents which are
20
21 subject to the attorney-client privilege or other applicable privileges. If it is claimed that a
22 document required for production is privileged or otherwise protected from discovery,
23 provide a privilege log identifying each such document by its author, recipients (including
24 distributees), date, subject matter, the number of the request for production to which the
25 document would be responsive, and state the nature and basis of each claim of privilege.
26

Page   1  - PL'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

BUSSE & HUNT
*Attorneys at Law*
521 AMERICAN BANK BUILDING
621 S.W. MORRISON STREET
PORTLAND, OREGON 97205
TELEPHONE: (503) 248-0504

Exhibit A, Page 11 of 18

B.    If you object to any part of a document request, respond to all parts of such document request as to which you do not object, and to each part to which you do object and set forth a basis for each objection.

C.    As used herein, "document(s)" refers to original papers, tapes, disks, or other substances on which communications, data, or information is recorded or stored, whether made by manual, mechanical, photographic or electronic process.  This definition includes, but is not limited to, all drafts or superseded revisions of each document(s), and e-mail messages, and backup tapes and deleted records of e-mail messages.  This request further includes, but is not limited to, electronic data and files stored on personal computers and/or electronic devices controlled, used, owned or operated by Defendants and/or employees of Defendants.

D.    As used herein, "document(s)" includes, but is not limited to:  letters, memoranda, notes, witness statements, papers of any kind or character, pamphlets, brochures, books, ledgers, reports, receipts, invoices, bills, checks, purchase orders, contracts, agreements, evidence of indebtedness, schedules, calendars, diaries, minutes of meetings, and computer input or printouts.

E.    As used herein, and unless otherwise specifically stated herein, "Defendants" include, but are not limited to: **G4S Secure Solutions (USA) Inc. ("G4S") and Thomas Breiter ("Breiter")**, and all parent corporations and successors in interest of Defendants, and any and all present or former officers, directors, agents, employees, and all other persons, firms and corporations, acting or purporting to act on behalf of Defendants.

Page    2 - PL'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

BUSSE & HUNT
*Attorneys at Law*
521 AMERICAN BANK BUILDING
621 S.W. MORRISON STREET
PORTLAND, OREGON 97205
TELEPHONE: (503) 248-0504

<u>TIME AND PLACE</u>

The documents and tangible things requested herein shall be produced within forty-five (45) days of service of this request at Busse & Hunt, 521 American Bank Building, 621 SW Morrison Street, Portland, Oregon 97205, or at such other time and place as may be agreed upon by the parties in the interim.

<u>DOCUMENTS AND TANGIBLE THINGS REQUESTED</u>

**REQUEST NO. 1:**    Plaintiff's personnel records and files wherever and by whomever maintained.

**REQUEST NO. 2:**    Any and all documents pertaining or referring to Plaintiff or Plaintiff's employment, whether or not contained in a personnel file, including, but not limited to, any supervisor note, memorandum or file concerning Plaintiff's performance, all documents which measure or compare Plaintiff's performance to that of any co-worker, all documents concerning any praise of or complaint about Plaintiff's performance, all documents containing a job description for Plaintiff's position(s), and all documents describing the duties of Plaintiff's position(s).

**REQUEST NO. 3:**    Any and all documents, notes, memos, reports or witness statements relative to any investigation conducted concerning Plaintiff or Plaintiff's work performance.

**REQUEST NO. 4:**    Any work rules or performance standards which applied to Plaintiff at any time during employment.

**REQUEST NO. 5:**    Any and all documents related, regarding or pertaining to the

Page    3 - PL'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

BUSSE & HUNT
*Attorneys at Law*
521 AMERICAN BANK BUILDING
621 S.W. MORRISON STREET
PORTLAND, OREGON 97205
TELEPHONE: (503) 248-0504

Exhibit A, Page 13 of 18

1    training of Plaintiff, including documents which were supplied to Plaintiff, or to Plaintiff's

2    supervisor, as to the training Plaintiff should receive or the counseling or corrective action

3    which should be given in the event of any perceived deficiency in Plaintiff's performance.

4

5        **REQUEST NO. 6:**    Any personnel rules or regulations that applied to Plaintiff,

6    whether given to Plaintiff directly, or given to Plaintiff's supervisor or manager to apply,

7    including, but not limited to, any policies or rules regarding discrimination or harassment.

8        **REQUEST NO. 7:**    Any employee handbook or manual which was given to

9    Plaintiff at any time during employment, including any revisions thereto.

10

11       **REQUEST NO. 8:**    Any documents that any Defendant believes relates to any

12   asserted poor performance by Plaintiff.

13       **REQUEST NO. 9:**    The most recent federal income tax return and financial

14   statement for each Defendant.

15       **REQUEST NO. 10:**   Any liability insurance policy which may provide any coverage

16   whatsoever to either Defendant for any claim asserted in the operative Complaint, including

17   the policy declarations and binder.

18

19       **REQUEST NO. 11:**   All documents pertaining in any way to any agreement,

20   promise, request, or demand that Defendant G4S or its insurance carriers pay or be required

21   to pay any sum in contribution to defense costs for either Defendant.

22

23       **REQUEST NO. 12:**   All documents pertaining in any way to the conditions under

24   which either Defendant is being provided a defense by any entity or individual, including

25   without limitation all documents stating or referring to a "reservation of rights."

26

Page    4 - PL'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

BUSSE & HUNT
*Attorneys at Law*
521 AMERICAN BANK BUILDING
621 S.W. MORRISON STREET
PORTLAND, OREGON 97205
TELEPHONE: (503) 248-0504

1        **REQUEST NO. 13:**  Any and all documents that either Defendant believes supports

2   any of its defenses.

3        **REQUEST NO. 14:**  Any and all documents including, but not limited to,

4

5   correspondence, memoranda, notes, affidavits, declarations, statements, and e-mails that

6   concern, refer, or relate to the subject matter of this lawsuit which either Defendant or either

7   of Defendants' agents have sent or received from any person or persons having information

8   or knowledge relating in any way to the allegations in Plaintiff's complaint or either of

9

10   Defendant's answer, affirmative defenses, and/or counterclaim(s).

11        **REQUEST NO. 15:**  Any statement, whether handwritten, typed, electronically

12   recorded, or otherwise recorded concerning any interviews of persons with information or

13   knowledge relating to the allegations in Plaintiff's complaint or either of Defendant's answer,

14   affirmative defenses, and/or counterclaim(s).

15        **REQUEST NO. 16:**  Any and all documents referring or pertaining to Defendant

16

17   G4S' termination of Plaintiff's employment, including but not limited to documents of or

18   related to communications by either Defendant regarding the circumstances leading up to

19   Plaintiff's termination, the reason(s) for Plaintiff's termination, and/or the decision to

20   terminate Plaintiff's employment.

21        **REQUEST NO. 17:**  For the period of January 1, 2017 to present, any and all

22

23   correspondence, including but not limited to all e-mails, that mention, name, note, or refer to

24   Plaintiff, but which was not sent or received by Plaintiff.  This includes all correspondence on

25   the personal devices of Defendant Breiter.

26

Page    5  - PL'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

BUSSE & HUNT
*Attorneys at Law*
521 AMERICAN BANK BUILDING
621 S.W. MORRISON STREET
PORTLAND, OREGON 97205
TELEPHONE: (503) 248-0504

1    **REQUEST NO. 18:** Any and all documents regarding, related or pertaining to any

2    communication between any Defendant and any agent or employee of Defendant G4S

3    regarding Plaintiff.

4    **REQUEST NO. 19:** Any and all documents regarding, related or pertaining to

5

6    Plaintiff's performance as an employee of Defendant G4S.

7    **REQUEST NO. 20:** Any and all documents regarding, related or pertaining to

8    Plaintiff engaging in inappropriate workplace behavior, including but not limited to the

9

10   harassment of other employees, screaming at other employees, cursing at other employees

11   and/or raising his voice at other employees.

12   **REQUEST NO. 21:** Any and all documents regarding, related or pertaining to

13   complaints or reports about Plaintiff engaging in harassment, discrimination, bullying,

14   misconduct and/or other inappropriate workplace behavior of any kind.

15   **REQUEST NO. 22:** Defendant Breiter's personnel records and files wherever and

16

17   by whomever maintained.

18   **REQUEST NO. 23:** Any and all documents regarding, related or pertaining to

19   complaints or reports about Defendant Breiter engaging in harassment, discrimination,

20   bullying, misconduct and/or inappropriate workplace behavior of any kind.

21   **REQUEST NO. 24:** Any and all documents, notes, memos, reports or witness

22   statements relative to any investigation conducted concerning Defendant Breiter or Defendant

23

24   Breiter's work performance.

25   **REQUEST NO. 25:** All documents that Defendant G4S provided to the Oregon

26

Page    6  - PL'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS
BUSSE & HUNT
*Attorneys at Law*
521 AMERICAN BANK BUILDING
621 S.W. MORRISON STREET
PORTLAND, OREGON 97205
TELEPHONE: (503) 248-0504

1    Bureau of Labor and Industries in relation to Case No. DPEMDP180104-40022.

2         **REQUEST NO. 26:** All documents regarding, related or pertaining to dates and

3    hours worked by Plaintiff while employed by Defendant G4S, including but not limited to

4    time cards and logs.

5

6         **REQUEST NO. 27:** For the period of January 1, 2017 to present, any and all

7    documents regarding, related or pertaining to any complaint or report by any employee of

8    G4S' Prineville, Oregon location(s) about unlawful activity on the part of either Defendant,

9    including but not limited to discrimination, harassment, retaliation, failure to observe leave

10   laws, failure to observe sick time laws and/or hostile work environment.

11

12        **REQUEST NO. 28:** The last known address and telephone number for Defendant

13   G4S's former Operations Manager Thomas Brieter.

14                                  PROCEDURE

15        A.    Produce all documents in your possession, custody or control.  If you are

16   unable to produce any document requested, state the location of the document and the name

17   of the person or organization in possession of the document.

18

19        B.    This request is a continuing request up to and through the trial of this case and

20   shall require production of after-acquired documents, within ten (10) working days of their

21   request, by Defendant until thirty (30) days before any date set for trial of this case, and shall

22   require immediate production of after-acquired documents during the thirty (30) day period

23   prior to trial.

24

25   /// /

26

Page    7  - PL'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

BUSSE & HUNT
*Attorneys at Law*
521 AMERICAN BANK BUILDING
621 S.W. MORRISON STREET
PORTLAND, OREGON 97205
TELEPHONE: (503) 248-0504

1    DATED this 2nd day of April, 2019.

2                                    BUSSE & HUNT

3

4

5                                    R. KYLE BUSSE, OSB #070994
6                                    Telephone: (503) 248-0504
                                     kbusse@busseandhunt.com
7                                    Of Attorneys for Plaintiff David Larson

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Page    8  - PL'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS
                        BUSSE & HUNT
                        Attorneys at Law
                  521 AMERICAN BANK BUILDING
                    621 S.W. MORRISON STREET
                     PORTLAND, OREGON 97205
                    TELEPHONE: (503) 248-0504

 **Oregon**

Bureau of Labor and Industries
Brad Avakian
Commissioner

January 10, 2018

HUMAN RESOURCES
G4S SECURE SOLUTIONS (USA) INC.
750 NE CONNECT WAY
PRINEVILLE, OR 97754

RE:   Complainant:   David Larson
      Respondent:    G4s Secure Solutions (Usa) Inc.
      Case #:        DPEMDP180104-40022
      EEOC #:        38D-2018-00202C

On January 4, 2018, the enclosed complaint was filed with the Civil Rights Division at the Bureau of Labor &
Industries, alleging unlawful discrimination.

The investigator assigned to the complaint is Leila Wall.  Your investigator can be reached at 971-673-0814.

A complete written response to the allegations is due within 14 days of the date of this letter.  Please respond to
each allegation, and include supporting documentation or other evidence.

SEND YOUR POSITION STATEMENT TO:    BOLI/CRD
                                    ATTN Position Statements
                                    800 NE Oregon St. #1045
                                    Portland, OR 97232-2180

If you have any questions regarding your response email respondentcrd@boli.state.or.us.  Visit our website at
http://www.oregon.gov/BOLI/CRD/pages/index.aspx and read the enclosed material on the response process.

The assigned investigator will contact you after receipt of your response.  This matter may be resolved at any time
through a pre-determination "no fault" settlement agreement.  You may wish to discuss this option and other
questions or concerns with the assigned investigator.

Sincerely,

CIVIL RIGHTS DIVISION
Administrative Support Unit

Enclosure(s):  Complaint of Unlawful Discrimination, Information on Response Process
cc:    G4s Secure Solutions (Usa) Inc., Respondent Headquarters
       The Prentice-Hall Corporation System, Inc., Registered Agent

tj

PORTLAND
800 NE Oregon St. Suite 1045
Portland, OR 97232-2180
(971) 673-0761
Fax (971) 673-0762

SALEM
3865 Wolverine St. NE; E-1
Salem, OR 97305-1268
(503) 378-3292
FAX (503) 373-7636

EUGENE
1400 Executive Parkway, Suite 200
Eugene, OR 97401-2158
(541) 686-7623
FAX (541) 686-7980

BEND
Apprenticeship and Training
Worksource Bend
1645 NE Forbes Rd, Ste 106
Bend, OR 97701-4990
(541) 322-2435
FAX (541) 389-8265

Oregon Relay TTY:711

www.oregon.gov/boli
AN EQUAL OPPORTUNITY EMPLOYER

MEDFORD
Apprenticeship and Training
119 N Oakdale Ave.
Medford, OR 97501-2629
(541) 776-6201
FAX (541) 776-6284

Exhibit B, Page 1 of 7



# Oregon Bureau of Labor and Industries
## Civil Rights Division

### Recommendations for Responding to Bureau of Labor and Industries Complaint

Nothing in this communication is intended as legal advice. This communication is not an agency order. If you need legal advice, please consult an attorney.

**Introduction:**
A Complaint notifies an Employer, Housing Provider or Place of Public Accommodation (Respondent) that someone (Complainant) has initiated a legal proceeding against the Respondent alleging unlawful discrimination. When a complaint is filed, the Respondent will receive a copy of the Complaint, and a notice that it has been filed with the Civil Rights Division. The conclusion of this process could result in monetary damages being awarded to the Complainant.

**Preparing the Response:**
The Response (or position statement) is the Respondent's instrument for rebutting the allegations in the Complaint, and to inform the Civil Rights Division of the Respondent's versions of events. The Response is a written statement. The Response should include a brief description of the Respondent's business, a narrative of events and Complainant's history with Respondent, including a rebuttal to the allegations in the Complainant, and/or any legitimate nondiscriminatory reason for the adverse action(s) alleged in the Complaint.

It is also recommended, that the Respondent provide the following:

- Documentation referenced in the response or that supports the Respondent's position.

- Witness statements from people with first hand knowledge of events.

- Comparator evidence or evidence that similarly situated individuals that were subjected to the same or different treatment as the Complainant. For example, other members of the Complainant's protected class that were not subject to any adverse action or members of another protected class who were treated similarly.

Failure to provide a response within the time provided may result in a finding based only on the information provided by the Complainant, therefore, Respondents are instructed to provide as much information as they have within 14 days.

The Respondent can request to conciliate or attempt to settle the Complaint at any time. Please contact the investigator assigned to the complaint if you have any questions.

**The Investigation:**
The Oregon Administrative Rules Governing Civil Rights Investigations can be found on the Bureau of Labor and Industries web site under OAR 839-003-0000 through 839-003-0245.

# RECEIVED

JAN – 4 2018

CIVIL RIGHTS DIVISION
PORTLAND OFFICE



**BUREAU OF LABOR AND INDUSTRIES**
Civil Rights Division Complaint of Unlawful Practice

| COMPLAINANT: | Case #: |
|---|---|
| David Larson | DPEMDP180104-40022 |

| RESPONDENT: | | Headquarters: |
|---|---|---|
| G4S Secure Solutions (USA) Inc.<br>Work location-<br>750 NE Connect Way<br>Prineville, OR 97754 | Contact:  Human Resources | G4S Secure Solutions (USA) Inc.<br>1395 University Blvd.<br>Jupiter, FL 33458 |

| County:  Deschutes | # of Employees:  50+ |
|---|---|

ORS 659A.171; ORS 659A.183; ORS 653.641; ORS 659A.112

I, David Larson, under penalty of perjury, do depose and say as follows:

Allegations:  I allege unlawful employment practices based on my invocation of the Oregon Family Leave Act (OFLA) and Oregon Sick Time Law (OSTL), and my association with a disabled person in that Respondent refused to return me to my former position after being assigned alternate duty under OAR 839-009-0245, counted protected leave against me, subjected me to different terms and conditions of employment, and terminated me.

1. For over two years I have worked at the Prineville Facebook location as a Security Shift Supervisor. I continued to work the same position for Respondent when they became the new contractor on/around February 1, 2017.

2. Respondent employs more than 25 people in the state of Oregon, making them a covered employer for OFLA and OSTL purposes. I worked for an average of more than 25 hours a week in the 180 days prior to the commencement of my leave, making me an eligible employee for OFLA and OSTL purposes.

3. In August 2015, my wife was diagnosed with terminal brain cancer.

4. My regular position was day shift supervisor. In March 2017, I was granted a change to swing shift supervisor in order to care for my wife as she was in hospice. This change to an alternate position met the criteria under OAR 839-009-0245 (1).

5. On/around May 5, 2017, I notified Operations Manager Thomas Brieter that I was ready to return to my former position of day shift supervisor. Mr. Brieter denied my request to return to my former held position despite my continued requests. I believe this denial was a violation of OAR 839-009-0245 (2).

Continued on reverse side

6. In Mid-May 2017, after my continued attempts to return to my former shift, Mr. Brieter's ultimate decision was to allow the employee who had taken over my day shift supervisor position to decide whether or not she would like to stay in the position. I believe I was treated differently by Mr. Brieter based on my wife's disability and invocation of OFLA.

7. On/around May 20, 2017, I notified Respondent that I would be absent due to my wife's declining health. On May 22, 2017, my wife passed away. I returned to work on May 25, 2017, after my regular days off of May 23 and 24, 2017.

8. I did not take any more time off until late June 2017 for my wife's memorial services/ bereavement leave under OFLA and OSTL. I submitted a request for PTO beforehand and got a week off work approved for on/around June 22, 2017. I planned to return to work June 29, 2017.

9. Despite being off on approved and protected leave, I was contacted by Respondent on June 22, 2017, I told I was scheduled to work that day and would be considered a 'no-call/ no-show.' I stated that I was on approved leave for the week and currently on my way to Montana.

10. On/around June 29, 2017, I returned to work and was informed I was being placed on administrative leave pending investigation due to poor work performance but given no other information.

11. I had no progressive discipline in accordance with Respondent's policy.

12. On July 17, 2017, I was terminated due to alleged poor performance. Since being terminated, I have been alternatively informed that in the corporate computer system it is documented that I was fired for "insubordination" due to not coming into work on June 22, 2017. I believe Respondent unlawfully terminated me and used alleged poor performance and/or insubordination as pretext.

I believe Respondent refused to return me to my former position after being assigned alternate duty pursuant to OAR 839-009-0245, counted protected leave against me, subjected me to different terms and conditions of employment, and terminated me based on my invocation of the Oregon Family Leave Act (OFLA) and Oregon Sick Time Law (OSTL), and my association with a disabled person.

SSV17-04414\ 12.15.2017

I hereby declare under penalty of perjury that the above statement is true and correct to the best of my knowledge and belief, and that I understand it is made for use as evidence in an official proceeding.

I understand that the above statement is a public record and that the information herein may be disclosed to any person, at any time.

Your signature: _____



# Oregon

Bureau of Labor and Industries
Brad Avakian
Commissioner

January 10, 2018

HUMAN RESOURCES
G4S SECURE SOLUTIONS (USA) INC.
750 NE CONNECT WAY
PRINEVILLE, OR 97754

RE:    Complainant:    David Larson
       Respondent:     G4s Secure Solutions (Usa) Inc.
       Case #:         DPEMDP180104-40022
       EEOC #:         38D-2018-00202C

You have been identified as a participant in a Civil Rights complaint that has been filed with the Civil Rights
Division at the Bureau of Labor and Industries. The investigator assigned to your case is Leila Wall, and the
phone number is 971-673-0814.

In the course of processing this civil rights complaint, it was determined that the complaint met the criteria to be
filed under both state and federal law. Therefore, this complaint was co-filed with the Equal Employment
Opportunities Commission (EEOC). The EEOC is our federal counterpart. Co-filing ensures that the complaint
is recorded with both state and federal civil rights enforcement agencies.

Enclosed, please find an EEOC charge notification letter, Form 131-A. Unless otherwise notified, the complaint
will still be investigated by our agency. Once we conclude our investigation, you may receive further
correspondence from EEOC.

Sincerely,


CIVIL RIGHTS DIVISION
Administrative Support Unit

Enclosure(s): EEOC Co-filing Notification Letter (Form 131-A)
cc:    G4s Secure Solutions (Usa) Inc., Respondent Headquarters
       The Prentice-Hall Corporation System, Inc., Registered Agent
tj

**PORTLAND**
800 NE Oregon St. Suite 1045
Portland, OR 97232-2180
(971) 673-0761
Fax (971) 673-0762

**SALEM**
3865 Wolverine St. NE; E-1
Salem, OR 97305-1268
(503) 378-3292
FAX (503) 373-7636

**EUGENE**
1400 Executive Parkway, Suite 200
Eugene, OR 97401-2158
(541) 686-7623
FAX (541) 686-7980

**BEND**
Apprenticeship and Training
Worksource Bend
1645 NE Forbes Rd, Ste 106
Bend, OR 97701-4990
(541) 322-2435
FAX (541) 389-8265

Oregon Relay TTY:711

www.oregon.gov/boli
AN EQUAL OPPORTUNITY EMPLOYER

**MEDFORD**
Apprenticeship and Training
119 N Oakdale Ave.
Medford, OR 97501-2629
(541) 776-6201
FAX (541) 776-6284

Exhibit B, Page 5 of 7

EEOC FORM 131-A (11/09)

# U.S. Equal Employment Opportunity Commission

| | PERSON FILING CHARGE |
|---|---|
| G4S SECURE SOLUTIONS INC.<br>750 Ne Connect Way<br>Prineville, OR 97754 | **David Larson** |
| | THIS PERSON (*check one or both*)<br><br>[X] Claims To Be Aggrieved<br><br>[ ] Is Filing on Behalf of Other(s) |
| | EEOC CHARGE NO.<br>**38D-2018-00202** |
| | FEPA CHARGE NO.<br>**DPDP180104-40022** |

## NOTICE OF CHARGE OF DISCRIMINATION IN JURISDICTION WHERE A FEP AGENCY WILL INITIALLY PROCESS
(See the enclosed for additional information)

THIS IS NOTICE THAT A CHARGE OF EMPLOYMENT DISCRIMINATION UNDER

[ ] Title VII of the Civil Rights Act (Title VII)    [ ] The Equal Pay Act (EPA)    [X] The Americans with Disabilities Act (ADA)

[ ] The Age Discrimination in Employment Act (ADEA)    [ ] The Genetic Information Nondiscrimination Act (GINA)

HAS BEEN RECEIVED BY

[ ] The EEOC and sent for initial processing to _____

_(FEP Agency)_

[X] The    Oregon Bureau of Labor & Industries - Civil Rights Division    and sent to EEOC for dual filing purposes.

_(FEP Agency)_

While EEOC has jurisdiction (upon expiration of any deferral requirement if this is a Title VII, ADA or GINA charge) to investigate this charge, EEOC may suspend its investigation and await the issuance of the Agency's final findings and orders. These findings and orders will be given weight by EEOC in making its own determination as to whether reasonable cause exists to believe that discrimination has occurred.

You are therefore encouraged to cooperate fully with the Agency. All facts and evidence provided by you to the Agency will be considered by EEOC when it reviews the Agency's final findings and orders. In many cases EEOC will take no further action, thereby avoiding the necessity of an investigation by both the Agency and EEOC. This likelihood is increased by your active cooperation with the Agency.

As a party to the charge, you may request that EEOC review the final findings and orders of the above-named Agency. For such a request to be honored, you must notify EEOC in writing within 15 days of your receipt of the Agency's final decision and order. If the Agency terminates its proceedings without issuing a final finding and order, you will be contacted further by EEOC. Regardless of whether the Agency or EEOC processes the charge, the Recordkeeping and Non-Retaliation provisions of the statutes as explained in the enclosed information sheet apply.

For further correspondence on this matter, please use the charge number(s) shown above.

Enclosure(s):  Copy of Charge

CIRCUMSTANCES OF ALLEGED DISCRIMINATION

[ ] Race    [ ] Color    [ ] Sex    [ ] Religion    [ ] National Origin    [ ] Age    [X] Disability    [ ] Retaliation    [ ] Genetic Information    [ ] Other

**See enclosed copy of charge of discrimination.**

| Date | Name / Title of Authorized Official | Signature |
|---|---|---|
| January 10, 2018 | **William R. Tamayo,<br>District Director** | |

**Oregon** Bureau of Labor and Industries
Brad Avakian, Commissioner
800 NE Oregon St, Ste 1045
Portland, OR 97232-3601

CRD

NEOPOST                FIRST-CLASS MAIL
01/10/2018                        AUTO
US POSTAGE $000.37³

ZIP 97232
041L11256146

The Prentice-hall Corporation System, Inc.
1127 Broadway St NE Apt 310
Salem, OR 97301-1139

113 LRAMN51  97301

## CERTIFICATE OF SERVICE

I hereby certify that I caused to be served the foregoing **Notice of Removal** on the date indicated below,

      [X]     Via First-Class Mail with postage prepaid
      [X]     Via Electronic Filing
      [ ]     Via Email

to the following person(s) a true copy thereof, contained in a sealed envelope (if other than by facsimile transmission), addressed to said person(s) at their last known addresses indicated below:

> R. Kyle Busse
> Busse & Hunt
> 621 SW Morrison Street, Suite 521
> Portland OR  97205
> *OSB No. 070994*
> *Phone:  503-248-0504*
> *Fax:  503-248-2131*
> *Email:  kbusse@busseandhunt.com*
> Attorney for Plaintiff

DATED May 3, 2019.

<br>

> *s/ Luke W. Reese*
> ————————————————————————
> Luke W. Reese
> OSB No. 076129
> Phone:  503-581-1501
> Fax:  503-581-5891
> lreese@ghrlawyers.com
> Of Attorneys for Defendants
>
> Kelly Eisenlohr-Moul (Pro Hac Vice to be filed)
> Dinsmore & Shohl LLP
> Phone:  470-300-5337
> Kelly.eisenlohr-moul@dinsmore.com
> Of Attorneys for Defendants